UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LYN PRENTICE, | No. 2:16-cv-01872 MCE AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MICHAEL SEXTON, Warden,[1] | |
| Respondent. | |

I.  Introduction

Petitioner is a state prisoner, currently incarcerated at California State Prison Corcoran (CSP-COR),[2] who proceeds pro se with this habeas corpus action filed under 28 U.S.C. § 2254, which challenges petitioner's 2005 convictions and sentence. This action proceeds on the federal petition filed July 31, 2016. See ECF No. 1. Petitioner paid the filing fee.

Pending before the court is respondent's motion to dismiss, ECF No. 12, on the ground

---

[1] Michael Sexton, Acting Warden of California State Prison Corcoran, is substituted as respondent herein. A federal petition for writ of habeas corpus must name as respondent the state officer having custody of petitioner. See 28 U.S.C. § 2254; Rule 2(a), Rules Governing Section 2254 Cases in the U.S. District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).
[2] Petitioner was incarcerated at the California Correctional Institution when he commenced this action. According to the Inmate Locator website operated by the California Department of Corrections and Rehabilitation (CDCR), petitioner is presently incarcerated at CSP-COR. See http://inmatelocator.cdcr.ca.gov/search.aspx. See also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1

that petitioner commenced this action beyond the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d); and, alternatively, on the ground that petitioner failed to exhaust his state court remedies. Petitioner filed an opposition, ECF No. 17, and respondent filed a reply, ECF No. 18.

This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned recommends that respondent's motion to dismiss be granted, and the petition be denied with prejudice.

II. Chronology

- On April 18, 2005, in Butte County Superior Court, petitioner was convicted by jury trial on six counts of child molestation. Petitioner was sentenced to a determinate state prison term of eight years and four consecutive indeterminate state prison terms of fifteen years to life. See Lodged Documents (Lodg. Docs.) 1 & 2.

- On November 14, 2007, the California Court of Appeal, Third Appellate District, reversed the conviction on count two, and affirmed the judgment in all other respects. Lodg. Doc. 2.

- On December 14, 2007, petitioner filed a petition for review in the California Supreme Court, which was summarily denied on February 20, 2008. Lodg. Docs. 3 & 4.

- On January 24, 2016, proceeding pro se, petitioner filed a state petition for writ of habeas corpus in Butte County Superior Court. Lodg. Doc. 5. That petition alleges essentially the same claims presented in the instant federal petition. The petition was denied on February 18, 2016, for several reasons designated by "checks" on a form order. Lodg. Doc. 6.

- Petitioner filed the instant federal habeas petition on July 31, 2016. See ECF No. 1. Petitioner asserts three claims alleging the ineffective assistance of his trial counsel: (1) trial counsel failed to identify errors in the victim's testimony that allegedly demonstrated coaching and manipulation by an adult, and hence a lack of credibility; (2) trial counsel failed to interview important witnesses and to subpoena witnesses favorable to the defense; and (3) trial counsel failed to present all relevant facts, including those pertinent to petitioner's sentencing.

III. Motion to Dismiss

Respondent moves to dismiss this action with prejudice on the ground that the petition was untimely filed after expiration of AEDPA's one-year statute of limitations. See 28 U.S.C. § 2244(d). Alternatively, respondent moves to dismiss this action without prejudice on the ground that petitioner did not exhaust his state court remedies on his federal claims. See ECF No. 12.

Petitioner responds, with the help of an inmate legal assistant, that he "is filing a late writ of habeas corpus [] because it's taken him 7 years to find somebody in prison that he can trust to talk about his case . . . . The issues that I'm raising are extremely complicated and require a level of legal sophistication that Mr. Prentice [–] who is poorly educated in general, and completely untrained in the law – cannot provide." ECF No. 17 at 5. Petitioner asserts that the critical inquiry is "the date on which he became aware of facts that allowed him to assert in objective good faith that he was prejudiced by counsel's deficient performance," citing Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001). Petitioner also asserts generally that a showing of actual innocence can override AEDPA's statute of limitations, citing Lee v. Lampert, 653 F.3d 929 (9th Cir. 2011).

Respondent replies that petitioner has presented no evidence to support his putative claims of equitable tolling and actual innocence, and has not addressed his failure to exhaust his claims in the state courts before presenting them to this court. See ECF No. 18.

IV. Statute of Limitations

A. Legal Standards

AEDPA's one-year statute of limitations provides in pertinent part: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute provides four alternate trigger dates for commencement of the limitations period. Id., § 2244(d)(1)(A)-(D). Respondent moves to dismiss on the ground that the petition was untimely filed more than one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

AEDPA's limitations period is statutorily tolled during the time in which "a properly filed

3

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Moreover, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled – because it is part of a single round of habeas relief – so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010); see also Carey v. Saffold, 536 U.S. 214, 216-17 (2002) (within California's state collateral review system, a properly filed petition is considered "pending" under Section 2244(d)(2) during its pendency in the reviewing court as well as during the interval between a lower state court's decision and the filing of a petition in a higher court, provided the latter is filed within a "reasonable time").

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted).

### B. Analysis

Following the California Supreme Court's denial of direct review on February 20, 2008, petitioner had ninety days, or until May 20, 2008, to file a petition for writ of certiorari in the United States Supreme Court. See Rule 13, Supreme Court Rules. Because petitioner did not pursue this option, AEDPA's limitations period commenced the next day, on May 21, 2008. See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999) ("period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition"); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (commencement of limitations period excludes last day of period for seeking direct review, by application of Fed. R.

4

Civ. P. 6(a)).

Therefore, absent statutory or equitable tolling, the federal limitations period expired one year later, on May 21, 2009, the last day petitioner could timely file his federal petition. Petitioner filed his federal petition more than seven years thereafter, on July 31, 2016.

Once the federal limitations period expires, it cannot be reopened by the filing of a state habeas petition. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("we hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed") (citation and fn. omitted), cert. denied, 540 U.S. 924 (2003). Petitioner filed his only state habeas petition on January 24, 2016. Because that petition was filed more than six years after expiration of AEDPA's statute of limitations, it did not reopen or restart the limitations period. Therefore, petitioner has demonstrated no basis for statutory tolling.

Nor has petitioner demonstrated entitlement to equitable tolling. "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Equitable tolling is appropriate only if petitioner demonstrates "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Spitzyn v Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations and internal quotation marks omitted).

Petitioner seeks equitable tolling on the ground that his limited education and lack of legal training kept him from identifying the potential merits of his claims until he obtained the assistance of another inmate with legal experience.[3] However, "a pro se petitioner's lack of legal

---
[3] Although the argument is not explicit, petitioner appears to rely on the same grounds to assert that he should be accorded a later trigger date for commencement of the limitations period, viz.,

sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). The facts supporting petitioner's federal claims were known to him by the conclusion of trial. Any inconsistencies in witness testimony, failure to call witnesses, or inadequacies in the evidence should have been readily apparent to petitioner at trial, as well as any resulting prejudice. "[T]o have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance and resulting prejudice." Hasan v. Galaza, supra, 254 F.3d at 1154. A prisoner need not "understand the legal significance of those facts – rather than simply the facts themselves – before the due diligence (and hence the limitations) clock started ticking." Id. at 1154 n.3.[4]

No external circumstance prevented petitioner from pursuing these matters in a timely manner. Equitable tolling is appropriate only "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim[.]" Miles, 187 F.3d at 1107 (citations omitted). The failure to timely discern any potential legal significance of known facts was caused by petitioner's lack of diligence. For these reasons, the court finds that petitioner is not entitled to equitable tolling.

Because petitioner is not entitled to statutory or equitable tolling, the federal limitations period expired on May 21, 2009. Petitioner's federal habeas petition, filed July 31, 2016, was therefore untimely. On this basis, respondent's motion to dismiss should be granted, and the petition denied with prejudice.

V.    Implicit Claim of Actual Innocence

Petitioner asserts generally that a claim of actual innocence should overcome

---

"the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D). The absence of new facts, for the reasons discussed above in the context of equitable tolling, renders this trigger date inapplicable.

[4] Petitioner's reliance on Hasan is misplaced – in that case, the petitioner became aware of facts that had not been previously known (a romantic relationship between a prosecution witness and a third party who contacted one of petitioner's jurors), which provided new support for an ineffective assistance of counsel claim related to trial counsel's failure to investigate jury tampering. In contrast, petitioner here relies only on facts that were apparent at trial.

untimeliness. ECF No. 17 at 3. However, petitioner has presented no new evidence to support a claim of actual innocence; nor does he explain how he satisfies the high standard that governs such a claim.[5] The putative assertion of actual innocence must therefore be rejected.

VI. <u>Failure to Exhaust State Court Remedies</u>

Finally, as asserted by respondent as a secondary ground for dismissal, petitioner's failure to exhaust his claims in the state courts before presenting them to this court provides an independent basis for dismissing this case and denying the petition.

The exhaustion of available state remedies is a prerequisite to the federal court exercising jurisdiction over a federal habeas petition. <u>See</u> 28 U.S.C. § 2254(b); <u>see also</u> <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all of his claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971), <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985), <u>cert. denied</u>, 478 U.S. 1021 (1986). When presented with a wholly unexhausted federal habeas corpus petition, a federal district court must dismiss the petition. <u>See</u> <u>Rasberry v. Garcia</u>, <u>supra</u>, 448 F.3d at 1154 (completely unexhausted petition must be dismissed without prejudice). Petitioner must exhaust his claims in the California Supreme Court before bringing them in federal court.

In the present case, petitioner never presented his federal claims to the California Supreme

---

[5] "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the <u>Schlup</u> [v. Delo, 513 U.S. 298 (1995)] gateway and have his constitutional claims heard on the merits." <u>Lee v. Lampert</u>, <u>supra</u>, 653 F.3d at 937; <u>accord</u>, <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924, 1928 (2013). In order to obtain relief from the statute of limitations, a petitioner claiming actual innocence must establish a miscarriage of justice under the <u>Schlup</u> standard by demonstrating "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Lee</u>, 653 F.3d at 938.
To make a credible claim of actual innocence, the petitioner must produce "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324. The habeas court then considers all the evidence: old and new, incriminating and exculpatory, admissible at trial or not. <u>House v. Bell</u>, 547 U.S. 518, 538 (2006). On this complete record, the court makes a "'probabilistic determination about what reasonable, properly instructed jurors would do.'" <u>Id.</u> (quoting <u>Schlup</u>, 513 U.S. at 330). Actual innocence in the miscarriage of justice context "means factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623-24 (1998); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339 (1992) (citing <u>Smith v. Murray</u>, 477 U.S. 527 (1986)); <u>Jaramillo v. Stewart</u>, 340 F.3d 877, 882-83 (9th Cir. 2003) (accord).

Court. He presented them only to the Butte County Superior Court in his January 24, 2016 petition. Lodg. Doc. 5. Clearly then, petitioner did not exhaust his state court remedies before bringing the instant federal action, as required by AEDPA, 28 U.S.C. § 2254(b). In the absence of other infirmities the failure to exhaust state remedies would require dismissal of this action without prejudice. However, because this action is time-barred, the court recommends that it be dismissed with prejudice.

VII. Conclusion

Accordingly, for the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 12, be granted; and
2. The petition be denied with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: April 28, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE